

ORDERED in the Southern District of Florida on December 10, 2015.

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                  Case No. 11-28370-EPK

**RAYMOND FRANCES LOYCANO,**                            Chapter 7

    Debtor.
_____/

## ORDER GRANTING MOTION FOR TURNOVER

THIS MATTER came before the Court for hearing on November 13, 2015 upon the *Trustee's Application for Turnover of 2004 Lexus GX470 Utility 4WD VIN: JTJBT20X140043497 with the Original Title and Keys* [ECF No. 96] (the "Motion") filed by Michael R. Bakst as chapter 7 trustee (the "Trustee").  With the Motion, the Trustee requests turnover of a 2004 Lexus GX470 Utility 4WD, VIN No. JTJBT20X140043497 (the "Lexus"), owned by Raymond Frances Loycano (the "Debtor").  For the reasons stated below, the Court grants the Motion.

The Debtor initiated this bankruptcy case on June 30, 2011 by filing a petition under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*  The Debtor owned the Lexus at that time, and listed its value as $19,650, subject to a $1,000 exemption and a purchase

money lien in the amount of $2,458.19.  ECF No. 11.  Thus, according to the Debtor, the non-exempt value of the Lexus at the time of filing was $15,541.81.

The Debtor continued under his confirmed chapter 13 plan for over four years, until forced to convert his case to one under chapter 7 of the Bankruptcy Code on September 3, 2015.  At the time of conversion, the Debtor still owned the Lexus, which he now valued at $8,300, subject to total exemptions of $3,968.00 and no liens.  Thus, according to the Debtor, at the time of conversion the non-exempt value of the Lexus was $4,332.

Following conversion, the Trustee was appointed and filed the Motion, requesting turnover of the Lexus.  The Trustee specifies in the Motion that turnover should occur within two days of an order from the Court granting the Motion, that the vehicle will be sold, and that the Debtor will receive from proceeds of sale the sum of $3,968 representing the exempt portion of the vehicle.  The Debtor filed a response to the Motion that recounted the history of his case but contained no argument.  ECF No. 103.

At the hearing on November 13, 2015, the Debtor argued that turnover would be improper because, during his four years in chapter 13, the Debtor had already paid his creditors more than they would have received in a chapter 7 liquidation if he had originally filed under that chapter.  The Debtor argued that he should have the benefit of a credit for payments made in chapter 13, completely offsetting the exempt portion of the Lexus, allowing him to keep it.

The Court is unable to find a basis for the Debtor's argument in either law or fact.  Section 348(f)(1)(A) of the Bankruptcy Code provides that upon conversion from chapter 13 to chapter 7, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion."

The Debtor concedes that the Lexus was property of the estate as of the filing of his petition in 2011, and that it remained in the possession and control of the Debtor through the date of conversion and to the present time.  At the hearing, the Debtor argued that certain case law supports permitting a debtor to apply payments made in a failed chapter 13 against what would be administered when such a case is converted to chapter 7.  The Debtor argued that this result would fit with the policy reflected in the Bankruptcy Code that debtors be encouraged to file under chapter 13 instead of chapter 7.

To the contrary, in the decision cited by the Debtor the court appears to have considered arguments identical to those made by the Debtor here and explicitly rejected those arguments:

> Debtors breached the "contract"—the Chapter 13 plan and confirmation order—by converting and refusing to make their payments. Therefore, they no longer are entitled to the benefits of Chapter 13 and their plan, such as keeping nonexempt property.
> Debtors also argue legislative history supports their view. The Court does not need to resort to legislative history to carry out the plain provisions of § 348(f). Courts "do not start from the premise that [the statutory] language is imprecise. Instead, we assume that in drafting legislation, Congress said what it meant." [*CBS Inc. v. PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1222 (11th Cir.2001)(quoting *United States v. LaBonte,* 520 U.S. 751, 757, 117 S.Ct. 1673, 1677, 137 L.Ed.2d 1001 (1997)).] And, "[g]iven [a] straightforward statutory command, there is no reason to resort to legislative history." [*Id.* (quoting *United States v. Gonzales,* 520 U.S. 1, 6, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997)).] Section 348(f) of the Bankruptcy Code clearly states what property becomes property of the estate when a debtor converts from Chapter 13 to Chapter 7, so the need to resort to legislative history does not arise. What is more, the legislative history cited by the Debtors does nothing to advance their argument. [*See* H.R. Rep. 103–835, 57 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3366.] The legislative history states that the primary impetus in enacting § 348(f) was to clarify how property acquired by Chapter 13 debtors *post-petition* was to be treated upon converting to Chapter 7. *Id.* It also expressly adopts the reasoning of courts that "held that when the property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed." *Id.* Debtors in this case owned the Tools and Supplies when they originally filed under Chapter 13.

*In re Curtis*, 2015 WL 4065260, *3-4 (Bankr. M.D. Fla. 2015) (footnoted citations in brackets).

It is unfortunate that circumstances did not permit the Debtor to complete his chapter 13 plan. However, for over four years, in exchange for reduced but regular payments to creditors, the Debtor was able to use the Lexus while its net value declined by more than $11,000 (a depreciation conceded by the Debtor's own schedules). As in *Curtis*, this Debtor broke the bargain of chapter 13 when he was unable to continue with his plan. Now, by operation of § 348(f) of the Bankruptcy Code, the Lexus is property of the estate subject to distribution by the Trustee. Section 348 is blind to the number of payments made by the Debtor or the length of time the Debtor sustained a chapter 13 plan.

Accordingly, for the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. The Motion [ECF No. 96] is GRANTED.

2. The Debtor shall turn over to the Trustee the Lexus along with its original title and keys within two (2) business days from the date of entry of this Order.

3. The Trustee is permitted to sell the Lexus, from proceeds of which the Trustee will provide to the Debtor exempt funds in the amount of $3,968.

###

Copies furnished to:

Michael R. Bakst, Esq.

*Michael R. Bakst, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*